IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RODNEY A. EDMUNDSON,<br><br>Plaintiff,<br><br>vs.<br><br>FLATHEAD COUNTY SHERIFF'S DEPARTMENT, DOCTOR DUSING, and TAMMY (last name unknown),<br><br>Defendants. | CV 13-00032-M-DLC-JCL<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

By Order dated April 15, 2013, Plaintiff Rodney Edmundson was given an opportunity to file an amended complaint. (Doc. 4). In response, Edmundson filed a nearly identical Amended Complaint. (Doc. 6). After reviewing the Amended Complaint as required by 28 U.S.C. §§ 1915, 1915A, the Court finds that Defendants Dusing and the Flathead County Sheriff's Department should be dismissed. The Amended Complaint will be served upon Defendant Nurse Tammy with regard to Edmundson's claims that Nurse Tammy was deliberately indifferent to his medical needs when she denied him Tylenol on June 14 and 15, 2012 in retaliation for filing a grievance.

1

### 1. Dr. Dusing

For the reasons stated in the Court's April 15, 2013 Order, Edmundson failed to state a claim against Dr. Dusing. Edmundson only alleged that Dr. Dusing was responsible for medical care at the detention center and that he prescribed pain medication for Edmundson on June 23, 2012. There is no allegation that Dr. Dusing was made aware of Edmundson's issues prior to June 23, 2012. Edmundson provided no new or different allegations against Dr. Dusing in his Amended Complaint. His allegations are insufficient to establish deliberate indifference or even negligence. Dr. Dusing should be dismissed.

### 2. Flathead County Sheriff's Department

Similarly, Edmundson failed to state a claim against the Flathead County Sheriff's Department for the reasons stated in the April 15, 2013 Order. No new or additional allegations against the Sheriff's Department were presented in the Amended Complaint. Edmundson failed to present any allegations of an unconstitutional custom, policy or practice which led to the alleged denial of his constitutional rights. *See Monell v. Dept. of Social Services of New York*, 436 U.S. 658, 694 (1978); *Hydrick v. Hunter*, 669 F.3d 937 (2012)(bald and conclusory allegations against a municipal entity are insufficient to establish *Monell* liability). In fact, Edmundson alleges Nurse Tammy and Dr. Dusing violated jail policies.

The Flathead County Sheriff's Department will be recommended for dismissal.

### 3. Nurse Tammy

Edmundson did clarify his allegations against Nurse Tammy somewhat with regard to the denial of Tylenol on June 14 and 15, 2012. In his Amended Complaint Edmundson alleges that Nurse Tammy did verify the information regarding him seeing an outside doctor and obtaining prescriptions when he was released from jail. (Doc. 6-1 at 5, ¶ 24). Edmundson also clarifies that at the time he requested the Tylenol in June 2012, he "was not yet aware of the reaction he gradually caught from the generic Tylenol or acetaminophen." (Doc. 6-1 at 5, ¶ 27). In light of that allegation and Edmundson's contention that Nurse Tammy denied him pain medication for a non-medical reason and in retaliation for filing a grievance (Edmundson contends Nurse Tammy stated that he "won't get any medical treatment if he filed a grievance." (Doc. 6-1 at 10, ¶ 60)), the Court cannot say he has failed to state a claim against Nurse Tammy. Edmundson's claims arising from Nurse Tammy's alleged denial of Tylenol on June 14 and 15, 2012 will be served upon Nurse Tammy. All other claims against Nurse Tammy should be dismiss for the reasons set forth in the Court's April 15, 2013 Order. (Doc. 4).

### 4. Conclusion

The Court has considered whether Edmundson's Amended Complaint is

3

frivolous, malicious, fails to state a claim, or seeks solely monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). It has also considered whether Edmundson has a reasonable opportunity to prevail on the merits. *See* 42 U.S.C. § 1997e(g). The Court concludes that dismissal of Nurse Tammy on the claim that she denied him Tylenol on June 14 and 15, 20012 is not appropriate at this time. Defendant Nurse Tammy must make an appearance on this claim. The Court makes no conclusions about the truth of Edmundson's allegations or about the strength of his claims or of the evidence he might offer to corroborate them. The Court only finds that Edmundson has said enough to require a response from Nurse Tammy.

Based on the foregoing, the Court issues the following:

## ORDER

1. Pursuant to Fed.R.Civ.P. 4(d), the Court will request Nurse Tammy to waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons. The Waiver must be returned to the Court within **thirty (30) days of the entry date reflected on the Notice of Electronic Filing**. If Defendant chooses to return the Waiver of Service of Summons, the answer or an appropriate motion will be due within 60 days after the entry date reflected on the Notice of Electronic Filing for this Order, pursuant to Fed.R.Civ.P. 12(a)(1)(B).

4

*See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that plaintiff has a "reasonable opportunity to prevail on the merits," Defendant is required to respond).

2. The Clerk of Court shall forward the documents listed below to Nurse Tammy and the Flathead County Attorney.

* Complaint (Doc. 2);

* April 15, 2013 Order (Doc. 4);

* Amended Complaint (Doc. 6);

* this Order,

* a Notice of Lawsuit & Request to Waive Service of Summons; and

* a Waiver of Service of Summons

Counsel for Defendant must file a "Notice of Appearance" as a separate document at the time an Answer or Rule 12 motion is filed. *See* D. Mont. L.R. 12.2.

3. Any party's request that the Court grant relief, make a ruling, or take an

action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a notice. The Court will not consider requests made or information presented in letter form.

4. Pursuant to Fed.R.Civ.P. 5(a), all documents presented for the Court's consideration must be simultaneously served by first-class mail upon the opposing party or their counsel if the party is represented. Each party shall sign and attach a proper certificate of service to each document filed with the Court. The Certificate of Service must state the date on which the document was deposited in the mail and the name and address of the person to whom the document was sent. The sender must sign the certificate of service.

5. Edmundson shall not make any motion for default until at least seventy (70) days after the date of this Order.

6. At all times during the pendency of this action, Edmundson SHALL IMMEDIATELY ADVISE the Court and opposing counsel of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining

to the change of address and its effective date, except if Edmundson has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further the Court issues the following:

## RECOMMENDATIONS

1. All claims against Dr. Dusing and the Flathead County Sheriff's Department should be dismissed with prejudice.

2. All claims against Nurse Tammy except those arising from her alleged denial of Tylenol on June 14 and 15, 2012 should be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Edmundson may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date this Order and Findings and Recommendations was served which is the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Edmundson files objections, he must itemize each factual finding to which objection is made and identify the evidence in the record relied on to contradict that finding. In addition, he must itemize each recommendation to which objection is made and set forth the authority relied on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Edmundson from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal. This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 15th day of October, 2013.

Jeremiah C. Lynch
United States Magistrate Judge

8

## NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO: Nurse Tammy
c/o Flathead County Detention Center
900 South Main
Kalispell, MT 59901

Ed Corrigan
Flathead County Attorney
920 South Main Street
Suit 201
Kalispell, MT 59901

A lawsuit has been commenced against Nurse Tammy by a pro se plaintiff. A copy the Amended Complaint is attached to this notice. It has been filed in the United States District Court for the District of Montana, Civil Action No. CV-13-00032-M-DLC-JCL. The Court has completed its pre-screening and concludes you must file a responsive pleading. *See* 42 U.S.C. § 1997e(c), (g)(2); 28 U.S.C. §§ 1915(e)(2), 1915A(a), (b).

This is not a formal summons or notification from the Court, but rather a request that you sign and file the enclosed waiver of service in order to save the cost of service by the U.S. Marshal's Service. The cost of service will be avoided if you file the signed Waiver of Service of Summons within 30 days after the entry date reflected on the Notice of Electronic Filing of the "Order to Serve Complaint by Requesting Waiver of Service of Summons," served with this Notice.

If you comply with this request and timely file the waiver, no summons will be served. The action will then proceed as if you had been served on the date the waiver is filed, except you must file an answer or appropriate motion before 60 days from the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

If you do not wish to waive service, please indicate this on the Waiver of Service of Summons form. The Court will, in turn, order the U.S. Marshal's Service to serve the complaint personally on you and may impose the full costs of such service.

_____
Jeremiah C. Lynch
United States Magistrate Judge

# WAIVER OF SERVICE OF SUMMONS

TO: The U.S. District Court for the District of Montana

    The following Defendant acknowledges receipt of your request that they waive service of summons in the following action: *Edmundson v. Nurse Tammy*, Civil Action No. CV-13-00032–M-DLC-JCL filed in the United States District Court for the District of Montana. Defendant also received a copy of the Amended Complaint. Defendant agrees to save the cost of service of a summons and an additional copy of the complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____; _____;

    The above-named defendant retains all defenses or objections to the lawsuits or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons. We understand judgments may be entered against the above-named defendant if an answer or motion under Fed.R.Civ.P. 12 is not served within 60 days after the date the Order directing the Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

    The following defendant declines to waive service.

_____; _____;

_____       _____
DATE      SIGNATURE

                     _____
                     PRINTED/TYPED NAME

                     _____
                     ADDRESS