IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RODNEY A. EDMUNDSON,<br><br>Plaintiff,<br><br>vs.<br><br>FLATHEAD COUNTY SHERIFF'S DEPARTMENT, DOCTOR DUSING, and TAMMY (last name unknown),<br><br>Defendants. | CV 13–32–M–DLC<br><br>ORDER<br><br>**FILED**<br>JAN 0 3 2014<br>Clerk, U.S District Court<br>District Of Montana<br>Missoula |

Plaintiff Rodney Edmundson raises state and federal claims alleging Defendants denied him pain medication while he was incarcerated in the Flathead County Detention Center. United States Magistrate Judge Jeremiah C. Lynch reviewed Edmundson's initial complaint, and after finding that it failed to state a claim upon which relief may be granted, gave Plaintiff the opportunity to file an amended complaint. Judge Lynch reviewed the amended complaint as required by 28 U.S.C. §§ 1915, 1915A, and issued Findings and Recommendations on October 15, 2013. Judge Lynch recommends the Court dismiss with prejudice all claims against Dr. Dusing and the Flathead County Sheriff's Department, as well as all claims against Nurse Tammy except those arising from her alleged denial of

1

Tylenol on June 14 and 15, 2012. (Doc. 8.)

Plaintiff timely objected, and is therefore entitled to *de novo* review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). The portions of the findings and recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). For the reasons stated below, the Court adopts Judge Lynch's Findings and Recommendations in full. Because the parties are familiar with the procedural and factual background of this case, it will not be restated here.

Plaintiff objects "to all adverse rulings in the Findings and Recommendations." (Doc. 9 at 1.) However, the Court finds that because he makes no further mention of Judge Lynch's findings and recommendations regarding the Flathead County Sheriff's Office, and only passing references to Nurse Tammy, he failed to specifically object to the findings and recommendations regarding those Defendants. Accordingly, the Court has reviewed those findings and recommendations for clear error, and finds none. All claims against the Flathead County Sheriff's Department and all claims against Nurse Tammy except those arising from her alleged denial of Tylenol on June 14 and 15, 2012 will be dismissed.

Plaintiff specifically objected to Judge Lynch's dispensation of his claims against Doctor Dusing, which the Court will review *de novo.*

To state a claim for failure to provide medical care, a prisoner must allege a defendant's acts or omissions were "sufficiently harmful to evidence a deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Judge Lynch found that Edmundson only alleged that Dr. Dusing was responsible for medical care at the detention center and that he prescribed Edmundson pain medication on June 23, 2012. Judge Lynch correctly stated that Edmundson does not allege that Dr. Dusing was aware of his issues prior to June 23, 2012. As a result, Judge Lynch concluded that Edmundson's allegations are "insufficient to establish deliberate indifference or even negligence." (Doc. 8 at 2.)

As a preliminary matter, in his objections, Edmundson unnecessarily addresses the severity of his injuries. Judge Lynch's conclusion was based on deliberate indifference, not the seriousness of Edmundson's medical needs.

Edmundson's objections consist almost entirely of conclusory statements akin to those that appear in both versions of his complaint, and which Judge Lynch found insufficient to establish deliberate indifference or negligence. Edmundson states, without providing any specific factual support, that Dr. Dusing "knew of, and had prior knowledge of the plaintiff's debilitating medical condition," (Doc. 9

3

at 3), and that he "knew that the failure to treat the plaintiff's pre-existing medical condition could result in further significant injury" (*Id.* at 4). These statements are too little, too late.

Despite Judge Lynch's specific instructions for what Edmundson's amended complaint must include, (Doc. 4 at 10), Edmundson only alleged that Dr. Dusing was responsible for medical care at the detention center, and that he prescribed Edmundson pain medication on June 23, 2012. The amended complaint makes no allegation that Dr. Dusing was even aware of Edmundson's issues prior to June 23, 2012.

The Court recognizes that a pro se complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this more relaxed standard, Edmundson's amended complaint simply does not contain sufficient facts that, when accepted as true, state a claim for deliberate indifference or negligence that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

There being no clear error in Judge Lynch's remaining findings and recommendations, IT IS ORDERED:

1. Judge Lynch's Findings and Recommendations (Doc. 8) are ADOPTED in full.
2. All claims against Dr. Dusing and the Flathead County Sheriff's Department are

DISMISSED WITH PREJUDICE.

3. All claims against Nurse Tammy except those arising from her alleged denial of Tylenol on June 14 and 15, 2012 are DISMISSED WITH PREJUDICE.

Dated this 3rd day of January, 2014.

*Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court